UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

CHRISTOPHER SPANGLER, ON
BEHALF OF HIMSELF AND
THOSE SIMILARLY SITUATED,

        CASE NO.: 3:15-cv-22-TCB

   Plaintiff,

vs.

NATIONAL CASH REGISTER
COMPANY, A MARYLAND
CORPORATION, AND FIELD
SOLUTIONS, INC., A
MINNESOTA CORPORATION,

   Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER SPANGLER, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendants, NATIONAL CASH REGISTER COMPANY, a Maryland Corporation, and FIELD SOLUTIONS, INC., a Minnesota Corporation, and alleges:

    1.    Defendants employed hundreds of individuals, including

Plaintiff, at two call centers located in Peachtree City, Georgia and Columbus, Georgia. These employees are paid by Defendant, FIELD SOLUTIONS, INC. (hereinafter "Field Solutions"), and work at the physical locations of Defendant, NATIONAL CASH REGISTER (hereinafter "NCR"). These employees serve customers of NCR as well as other employees of NCR by troubleshooting cash register systems throughout the country. Each of these similarly situated employees at the Peachtree City and Columbus locations are hourly paid and misclassified as independent contractors. As a result of this pay practice, these misclassified employees have only been paid "straight time" for the overtime hours worked by them for years.

2. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff worked as an hourly paid "help desk associate" and "telecom specialist" for Defendants from approximately August 2012 to

September 2014.

4.     While working for Defendants, Plaintiff was paid $14-15 per hour for all hours worked, including overtime hours worked.

5.     Plaintiff worked for Defendants at the Peachtree City, Georgia location in Fayette County, Georgia.

6.     Defendant, Field Solutions, is a Minnesota Corporation that operates and conducts business in, among other locations, Fayette County, Georgia and is therefore, within the jurisdiction of this Court.

7.     Defendant, NCR, is a Maryland Corporation that operates and conducts business in, among other locations, Fayette County, Georgia and is therefore, within the jurisdiction of this Court.

8.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every hourly paid worker who was classified as an independent contractor and who worked at the Peachtree City, Georgia, and Columbus, Georgia, locations for Defendants at any time within the past three (3) years within the State of Georgia.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment with Defendants, Defendants each earned more than $500,000.00 per year in gross sales.

11. During Plaintiff's employment with Defendants, Defendants each employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

12. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13. Therefore, Defendants are each considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

14. At all times relevant to this action, Defendants failed to comply with the FLSA by misclassifying Plaintiff and the other hourly paid workers as independent contractors and by failing to pay complete

and proper overtime compensation to Plaintiff and these similarly situated workers.

15. Based on information and belief, NCR operates two call centers in Peachtree City, Georgia, and Columbus, Georgia.

16. At each of these call centers, hundreds of workers perform work at these call centers and are paid by the hour and classified as independent contractors.

17. Based on information and belief, NCR contracts with Field Solutions to provide these "independent contractors" to work the two call centers in questions.

18. These hourly paid "independent contractors" have titles such as "help desk associates," "help desk analysts," "telecom specialists," "IT Consultant / Help Desk," "Client Support Tech," among other titles.

19. Each is similarly situated to the Plaintiff in that each are paid by the hour, each are classified as independent contractors, and each work in the call centers in Peachtree City and Columbus, Georgia performing similar job duties.

20. These workers' job duties include call center duties such as

helping NCR's customers troubleshoot problems with NCR's cash register machines, and helping other NCR employees who are installing new cash register machines set up, boot, and troubleshoot new systems.

21. During their employment with Defendants, Plaintiff and the other similarly situated employees were paid by the hour.

22. If Plaintiff and these other employees worked overtime hours, they were only paid their regular hourly rate for such overtime hours worked, <u>not</u> a full overtime rate.

23. Defendants classified Plaintiff and these similarly situated employees as independent contractors.

24. However, Defendants both controlled Plaintiff and the other similarly situated employees' job duties.

25. Defendants told Plaintiff and these other employees when to work, where to work, how to do the job and gave detailed policies and procedures on how to do their job.

26. Defendants dictated the pay received by Plaintiff and these similarly situated employees, as well as any raises received by them.

27. Since Plaintiff and the other similarly situated employees

were paid by the hour, they could not use their managerial skill to increase their profits from their work with Defendants.

28. Defendants provided all equipment and materials used by Plaintiff and the similarly situated employees to perform their job duties.

29. Plaintiff and the other similarly situated employees' job duties were to primarily provide customer service and troubleshoot issues; they did not need a professional license or certain amount of schooling to perform their job.

30. Plaintiff worked for Defendants for over 2 years, and was not temporary employment.

31. Plaintiff worked with other similarly situated employees who had worked similar lengths of employment as himself.

32. Plaintiff and the similarly situated employees were an integral part of Defendants' business because without these workers, NCR's customers would not be served, and Field Solutions would not generate income off of providing these workers for hire.

33. As such, Plaintiff and the other similarly situated employees were truly the employees of Defendants under the FLSA and are entitled

to complete overtime compensation for the overtime hours worked by them.

33. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and the other similarly situated employees are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff and those similarly situated employees are/were entitled to be paid overtime compensation for their overtime hours worked.

37. During their employment with Defendants, Plaintiff and those similarly situated employees were misclassified as independent contractors and were only paid "straight time" for overtime hours worked instead of complete overtime compensation. *See* ¶¶ 14-33.

38. Defendants did not have a good faith basis for their decision to classify Plaintiff and the other similarly situated employees as

independent contractors.

39. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees complete overtime compensation, Plaintiff and those similarly situated employees have suffered damages plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendants' willful or reckless violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHRISTOPHER SPANGLER, on behalf of himself and those similarly situated, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 3rd day of February, 2015.

/s/ C. RYAN MORGAN_____
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:     RMorgan@forthepeople.com
*Attorneys for Plaintiff*

10